**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICKEY DANZEY, | : | Civil No. 05-5584 (RBK) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| FEDERAL BUREAU OF PRISONS, et al., | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    RICKEY DANZEY, Petitioner pro se
    #07385-050
    Federal Prison Camp
    P.O. Box 1000
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

    Petitioner Rickey Danzey, a federal prisoner currently confined at the Federal Prison Camp in Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The named respondents are Warden John Nash, the

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Federal Bureau of Prisons, and Harley G. Lappin, Director of the Federal Bureau of Prisons.  For the reasons stated herein, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

## I.  BACKGROUND

Petitioner, Rickey Danzey ("Danzey"), is currently serving concurrent sentences of 240 months for drug convictions in the United States District Courts for the District of New Jersey and the Southern District of New York.  On November 11, 2005, Danzey received his Sentencing Monitoring Computation data form from his unit team, which shows a projected statutory release date of December 31, 2007.  The data form also shows a pre-release preparation date or his "six months/10% date" of June 30, 2007, for release to a community correctional center ("CCC").

Danzey admits that he qualifies for CCC placement on June 30, 2007.  However, he seeks an additional six months CCC placement or home confinement, to commence on December 30, 2006, so that he can enroll in the January 2007 semester at the Manhattan Community College.  Danzey provides the Court with documentation showing his rehabilitative, educational, and vocational progress in prison.  He claims that his extensive post-conviction rehabilitative efforts may serve as a basis for his request for an additional six months home confinement.

Danzey admits that he has not sought, let alone exhausted, his administrative remedies with respect to this request for an additional six month home confinement.

## II.   ANALYSIS

It is plain from the face of the petition that Danzey has failed to exhaust his administrative remedies before submitting this § 2241 habeas petition.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required

where petitioner demonstrates futility); <u>Lyons v. U.S. Marshals</u>, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); <u>Carling v. Peters</u>, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

    Here, Danzey is challenging the BOP's application of the "six month/10% date" rule specifically as to him. He is not challenging whether the 10% rule legally implements the statute pursuant to which it was promulgated. Thus, this is clearly a case that requires application of the BOP's particular expertise with respect to its management and control of pre-release community placement decisions as to individual inmates. The BOP should be given the opportunity to first review this request pursuant to its administrative autonomy in such situations. It would be a waste of judicial resources, and would defeat the goal of judicial economy, for the Court to review this claim on a habeas petition without the benefit of a factual record and a decision on a matter of specialized expertise within the BOP.

    The Court further notes that Danzey's claim does not appear ripe for judicial action. There has been no allegation that the

BOP has been presented with Danzey's request or that such a request was denied.

Therefore, because Danzey has not pursued any administrative remedies to redress his claim, it is clear that he has not exhausted the administrative remedies available to him under 28 C.F.R. § 542.10 et seq.[2]  Furthermore, Danzey does not argue that exhaustion would be futile in this case.  Nor does he assert that this claim is not amenable to the BOP's particular expertise.  He has sufficient time before his requested date of home confinement in December 2006, to seek his administrative remedies through the BOP Administrative Remedy Program.  Accordingly, this Court finds that petitioner is required to exhaust his administrative remedies, and his failure to do so mandates dismissal of this claim without prejudice.

---

[2] The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
Dated: December 12, 2005